**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10405 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08009-JAJ-1 |
| v. | |
| PMB, JUVENILE MALE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John A. Jarvey, District Judge, Presiding

Submitted September 11, 2012[**]
San Francisco, California

Before: WALLACE, THOMAS and BERZON, Circuit Judges.

PMB, a juvenile defendant, appeals from his judgment of conviction for two

counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153, 2241(a), and

2246(2)(A), and 5031–37.  Because the parties are familiar with the factual history

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of this case, we need not recount it here. We vacate the convictions and remand the case to the district court for entry of a judgment of acquittal.

To establish a defendant's legal status as an Indian under 18 U.S.C. § 1153, the government must prove that the defendant has some degree of Indian blood "from a federally recognized tribe," *United States v. Maggi*, 598 F.3d 1073, 1080 (9th Cir. 2010), and "tribal or government recognition as an Indian," *United States v. Bruce*, 394 F.3d 1215, 1223 (9th Cir. 2005) (internal quotation marks omitted). "Indian status is an element of the offense that must be alleged in the indictment and proved beyond a reasonable doubt." *United States v. Zepeda*, 705 F.3d 1052, 1056 (9th Cir. 2013) (quoting *Maggi*, 598 F.3d at 1077) (internal quotation marks omitted).

We must determine "whether, viewing all evidence in the light most favorable to the government, any rational juror could have found beyond a reasonable doubt that [PMB] was an Indian, on the basis of the slim evidence as to both prongs of the *Bruce* test." *Id.* at 1058. We are bound by this Court's conclusion in *Zepeda* that "a Certificate of Enrollment in an Indian tribe" is not "sufficient evidence for a rational juror to find beyond a reasonable doubt that the defendant is an Indian for the purposes of § 1153 where the government offers no evidence that the defendant's bloodline is derived from a federally recognized

tribe." *Id.* at 1054. Though PMB's sister testified that she is an enrolled member of the Navajo Nation Indian Tribe and that she lived with PMB and their parents on the Navajo Nation Indian Reservation, this does not constitute evidence of federal recognition. "Because 'there is no evidence that [PMB] has any blood from a federally recognized Indian tribe,' we conclude that no rational juror could have found [PMB] guilty beyond a reasonable doubt . . . and his convictions must be vacated." *Id.* at 1065 (internal citation omitted).

Given our resolution of this issue, we need not reach any other question presented by the parties.

**VACATED** and **REMANDED**.